FORREST B. MORGAN *vs.* HOWARD V. ALLEN, Town Treas.

MARCH 3, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

STEARNS, C. J. This is a petition by an elector of the Town of Warwick praying that a writ of mandamus may issue to the respondent, the treasurer of said town, directing him to call a town meeting in accordance with the provisions of General Laws, 1923, Chapter 48, Section 10.

January 16, 1931, the town clerk of Warwick died; January 19, the town council elected one Arthur S. Burlingame town clerk to fill the vacancy existing in that office.

Petitioner's claim is that the town council had authority only to fill said vacancy until an election could be held by a special town meeting called by the town treasurer.

After a request made to and a refusal by the town treasurer to call a special town meeting for the election of a town clerk this proceeding was begun. The question thus raised is: Whenever a vacancy occurs in the office of town clerk by reason of the death of the incumbent, and said vacancy is filled by the town council, must the town treasurer issue his warrant for a town meeting to choose a clerk in the room of him so removed? We answer this question in the negative.

The particular statutory provisions relevant are as follows:

G. L., 1923, Cap. 48, Sec. 10: "Whenever any town clerk shall be removed by death or otherwise, the town treasurer of the town shall issue his warrant to warn the electors to assemble in town meeting, to choose a town clerk in the room of him so removed. . . ."

G. L., 1923, Cap. 50, Sec. 20: "Whenever a vacancy shall occur in any office by death, removal out of town, resignation, or by neglect or refusal to qualify, or for any other cause, the town council may fill the same until the next town meeting for the election of such officers. . . ."

G. L., 1923, Cap. 51, Sec. 9: "In case of vacancy in the office of any officer whom a town or town council is authorized to elect, the town council may elect a suitable person to fill such vacancy."

The statutory provisions are to some extent incongruous; but an examination of the origin of the different provisions explains the apparent inconsistency. Section 10 of Chapter 48 is of ancient origin. Public Laws, 1798, pp. 328, 329, provided that it should be the duty of the town clerk to give notice of all town meetings; p. 327, (Sec. 5) seven persons at least were necessary to constitute a legal town meeting; also, p. 328, (Sec. 8) whenever any town clerk should be removed by death or otherwise, the eldest justice or warden of such town should call a town meeting to choose a town clerk. In Public Laws, 1844, p. 298, (Sec. 10) it was provided that the town treasurer instead of the eldest justice or warden should call the town meeting; and, p. 297, (Sec. 7) when the inhabitants of any town did not exceed three thousand, that seven electors at least should be necessary to constitute a legal town meeting and, when more than three thousand, fifteen electors at least.

Section 9 of Chapter 51, General Laws, 1923, appears first as Section 7, Chapter 34, Revised Statutes, 1857. It was therein provided that the town council, in case of failure of the town to elect to, or in case of vacancy in, any office which they are empowered by law or are delegated by the town to fill, shall elect suitable persons therefor. The wording of that section was changed in General Statutes, 1872, Chapter 35, Section 7, into the form in which it now appears in Section 9, Chapter 51, General Laws, 1923. In the same revision of the statutes in 1872 (Cap. 34, Sec. 23) the section which later became a part of Chapter 50,

Section 20, General Laws, 1923, appeared as follows: "Whenever a vacancy shall occur in any office by death, removal out of the town, or resignation, the town council may fill the same until the next town meeting for the election of such officers." The power of the town council to fill vacancies was further enlarged by Public Laws, 1909–1910, Cap. 640, Sec. 40.

From this brief reference to the statutes certain conclusions naturally arise. When the qualified electors in the towns were few, the town meeting was the natural and the required agency for filling a vacancy in any office. As the population and the number of electors increased the town meeting became a more burdensome proceeding. As the general power of the town council in the management of town affairs was enlarged it apparently soon became clear that it was an unnecessary burden and expense to call a town meeting to fill every vacancy in office. The conferring in 1857 by the General Assembly of the power on the town council to fill certain vacancies in office was evidently a natural result of the changed conditions. The retention of what is now Section 10, Chapter 48, General Laws, 1923, in the various revisions of the statutes indicates the legislative intent that Section 10 should continue to be operative when compatible with other relevant statutory provisions.

General Laws, 1923, Chapter 32, Section 21, provides that in the construction of statutes whenever a general provision shall be in conflict with a special provision relating to the same or to a similar subject, the two provisions shall be construed, if possible, so that effect may be given to both.

The approved rule is that statutory provisions must be construed in the most beneficial way which the words used therein will permit in order to prevent inconsistency. *State* v. *Drowne*, 20 R. I. 302; *Racine* v. *Tenth District Court*, 39 R. I. 475. Applying this principle of construction to the question before us we are of the opinion that it was the prerogative and the duty of the town council to fill the vacancy caused by the death of the town clerk. Having

elected a town clerk to fill the existing vacancy, Section 10, Chapter 48, General Laws, 1923, was not applicable. Said Section 10 would become applicable only in the event that the town council refused or neglected to. fill the vacancy; Section 10 is a provision for filling a vacancy, which is secondary and supplementary to the authority of the town council to act.

The petition for a writ of mandamus is denied.

*Forrest B. Morgan, pro se ipso.*

*Clason & Brereton, Peirce H. Brereton,* for respondent.